UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALI L. CROSS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | 23-12549-FDS |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, C.J.**

Plaintiff Ali L. Cross is a pretrial detainee now confined to the Norristown State Hospital in Norristown, Pennsylvania. He initiated this action by filing a complaint against the Federal Bureau of Investigation ("FBI"). He is proceeding *pro se*.

For the reasons stated below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1).

**I.    Background**

The complaint alleges a claim pursuant to 42 U.S.C. § 1983 against the defendant FBI. Compl. at 1. It alleges that plaintiff "was in the Federal Witness Protection program [in the 1980s as a child living in Tampa, Florida]. *Id.* at ¶ 6. It further alleges that "John Smith was [his] name in the Federal Witness Protection Program." *Id.* at ¶ 6. Plaintiff asserts that "due to ongoing illegal [surveillance] schemes continued secret service schemes to force me to (sue) += (Microsoft)." *Id.* at ¶ 3.

Plaintiff states that in 2018 and 2019 he filed civil actions in this court. *Id.* at ¶ 3.[1] For relief, the complaint seeks an investigation and for plaintiff to be placed back into the witness protection program. *Id.* at 3 (relief requested).

## II.     Review of the Complaint

Screening of the complaint is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or a portion thereof if the prisoner has raised claims that (1) are legally frivolous or malicious; (2) fail to state a claim on which relief can be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When making that determination, the court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In conducting its review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## III.    Discussion

Here, even with a generous reading of the complaint, it does not meet the screening requirements of 28 U.S.C. §1915A. Plaintiff brings suit under 42 U.S.C. § 1983, which provides a remedy for the violation of federal right by a person acting under the color of state law.[2] The entity identified as a defendant in the complaint, the FBI, is not a state actor that can be sued

---

[1] The court's records indicate that Cross previously filed the following actions in the Boston federal court: *Cross v. Sheriff Office of Suffolk County, et al.*, C.A. No. 19-11603-LTS (dismissed Apr. 7, 2020); *Cross v. Gates, et al.*, C.A. No. 19-11242-NMG (dismissed Oct 15, 2020).

[2] "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

under Section 1983. It is true that certain constitutional claims may be brought against federal officials pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ziglar v. Abbasi*, 582 U.S. 120, 129-131 (2017) (explaining that *Bivens* provides an implied cause of action for money damages against individual federal officials for certain constitutional violations similar to 42 U.S.C. § 1983). However, the FBI is not a federal official amenable to suit under *Bivens*. Moreover, the Attorney General, not the FBI, has the discretionary decision-making power for placement into the federal witness-protection program. *See* 18 U.S.C. § 3521(a)(1).

In light of the nature of the claims, the court finds that amendment would likely be futile. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, and pursuant to 28 U.S.C. § 1915A(b), the action will be dismissed for failure to state a claim upon which relief can be granted.

## IV.   Order

For the foregoing reasons, it is hereby ordered as follows:

1. The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).
2. The clerk is directed to enter a separate Order of Dismissal.

**So Ordered.**

Dated: February 6, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court